

**FILED**
**OCT. 8, 2021**
Clerk, U.S. District & Bankruptcy Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRETT ANDREW NELSON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 21-cv-1912 (UNA) |
| KENNETH MURRAY PLOTZ, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter has come before the Court on review of this *pro se* petitioner's application to proceed *in forma pauperis*, *see* ECF No. 2, and his "Non-Statutory Summary Post-Trial Ex Parte Claim of Trespass for Emoluments in the Form of Petition for Write of Prohibition; Petition for Writ of Mandamus; Petition for Writ of Execution," *see* ECF No. 1, "Pet.", construed as a petition for a writ of mandamus.  According to petitioner, he and the respondents "entered into a sealed covenant, a stipulation settlement agreement" which "renders all disputes to either a court of record proceeding according to the common law or to binding common law arbitration," and that "said covenant contains a comprehensive arbitration clause." *Id.* ¶ 15.  He alleged that a dispute arose which was resolved in his favor through arbitration. *See id.* ¶¶ 15–21.  Petitioner thus claimed to have achieved "immunity from prosecution," *id.* ¶ 21, and appears to seek enforcement of the arbitration award, *see id.* ¶¶ 4, 8–9, by having this Court dismiss criminal proceedings against him, order the return of property seized form him, and compensate petitioner for his arrest and detention, *see id.* ¶¶ 12–14, 21; *see also id.* at 26 (page number designated by CM/ECF).

The Court will grant petitioner's application to proceed *in forma pauperis* and dismiss the petition. A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Even if petitioner could demonstrate that he "(1) . . . has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), the respondents are not federal officers or agencies. Furthermore, the decision to commence or terminate criminal proceedings is one for the Executive Branch of the government, not the judiciary. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

An Order is issued separately.

/s/
CARL J. NICHOLS
United States District Judge

DATE: October 8, 2021